NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ASTRAZENECA AB, AKTIEBOLAGET HASSLE, ASTRAZENECA LP, KBI INC., AND KBI-E INC.,**
*Plaintiffs-Appellants,*

v.

**HANMI USA, INC., HANMI PHARMACEUTICAL CO., LTD., HANMI FINE CHEMICAL CO., LTD., AND HANMI HOLDINGS CO., LTD.,**
*Defendants-Appellees.*

---

2013-1490

---

Appeal from the United States District Court for the District of New Jersey in No. 11-CV-0760, Judge Joel A. Pisano.

---

**ON MOTION**

---

Before DYK, MOORE, and TARANTO, *Circuit Judges.*

DYK, *Circuit Judge.*

### O R D E R

AstraZeneca AB et al. ("AstraZeneca") moves to enjoin Hanmi USA, Inc., et al. ("Hanmi") from launching their

esomeprazole strontium pharmaceutical product during the pendency of this appeal. Hanmi opposes.

On September 13, 2013, this court issued an order temporarily enjoining Hanmi from launching its esomeprazole strontium pharmaceutical product pending this court's consideration of the motion papers.

Like a motion for a stay, a motion for an injunction pending appeal "'is not a matter of right, even if irreparable injury might otherwise result.'" *See Nken v. Holder*, 556 U.S. 418, 433 (2009) (citing *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). It is instead "'an exercise of judicial discretion,'" governed by a familiar set of four considerations, and "[t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 433-34 (citing *Virginian Ry.*, 272 U.S. at 672-73 and *Hilton v. Braunskill*, 481 U.S. 770, 776, 777 (1987)).

The party requesting an injunction pending appeal bears the burden of showing that the circumstances justify an exercise of that discretion. In evaluating whether that burden has been met, this court "assesses the movant's chances of success on the merits and weighs the equities as they affect the parties and the public." *E. I. du Pont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987); *see Hilton*, 481 U.S. at 776-78. Without prejudicing the ultimate disposition of this case by a merits panel, we conclude based upon the papers submitted that AstraZeneca has not met the standards for an injunction pending appeal.*

---

* The motions papers reference a settlement agreement dated May 21, 2013 pursuant to which AstraZeneca, inter alia, reserved the right to seek reasonable royalty damages, but agreed not to seek damages in the form of lost profits, enhanced damages or attorney fees. The settle-

ASTRAZENECA AB v. HANMI USA, INC. 3

Accordingly,

IT IS ORDERED THAT:

(1) AstraZeneca's motion for an injunction is denied.

(2) The temporary injunction is vacated. Hanmi may launch their esomeprazole strontium pharmaceutical product during the pendency of this appeal.

(3) AstraZeneca has already filed its principal brief. The remainder of the briefing schedule is set as follows: Hanmi's response brief is due no later than October 11, 2013. AstraZeneca's reply brief is due no later than October 18, 2013. The joint appendix is due no later than October 18, 2013. No extensions should be anticipated. Oral argument shall be set by separate order.

FOR THE COURT

/s/  Daniel E. O'Toole
     Daniel E. O'Toole
     Clerk

s26

---

ment agreement expressly reserved AstraZeneca's right to seek injunctive relief during and after this appeal. We note that the parties' references to the agreement in the papers should not have been treated as confidential. *See In re Violation of Rule 28(D)*, 635 F.3d 1352 (Fed. Cir. 2011).